UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL CASE NO. 10-7111-KKC-CJS
CRIMINAL NO. 09-32-KKC-CJS

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                         **REPORT AND RECOMMENDATION**

DEMETRIUS LEE GUNN                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

On March 10, 2010, Defendant Demetrius Lee Gunn filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R. 45).[1] Pursuant to local practice, this matter has been referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and for preparation of a report and recommendation. *See* 28 U.S.C. § 636(b). Preliminary review of Defendant's motion reveals that Defendant expressly waived his right to attack his conviction and sentence in the Plea Agreement. Therefore, it is herein recommended that Defendant's Motion to Vacate (R. 45) be denied.

I.  **Procedural Background**

On March 5, 2009, a grand jury returned an Indictment charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On March 17, 2009, Defendant pled

---

[1] Attached to Defendant's motion is a Declaration in Support of Request to Proceed *In Forma Pauperis*. However, Defendant did not file a formal, separate motion to proceed *in forma pauperis,* and such a motion would be unwarranted in any event, as there is no fee for filing a § 2255 motion.

not guilty to the charge. On April 29, 2009, Defendant appeared for rearraignment, at which time he formally entered a plea of guilty to the charge against him. In the written Plea Agreement between Defendant and the United States, Defendant expressly agreed to waive his right to appeal and his right to collaterally attack his guilty plea, conviction, and sentence. The Plea Agreement also reflected that Defendant understood the Agreement, that his attorney had fully explained it to him, and that he was entering into the Plea Agreement voluntarily.

On August 27, 2009, Defendant was sentenced to 27 months imprisonment, with two years of supervised release to follow. On September 24, 2009, Defendant filed a Notice of Appeal to the Sixth Circuit Court of Appeals. On October 15, 2009, Defendant filed a letter with the Sixth Circuit asking to withdraw his appeal. *See United States v. Gunn,* Sixth Circuit Appeal No. 09-6151. On November 3, 2009, Defendant's counsel filed a Motion for Voluntary Dismissal of Appeal, which motion was granted by the Circuit Court on November 4, 2009.

On March 10, 2010, Defendant filed the pending Motion to Vacate, Set Aside, or Correct Sentence. Defendant's motion presents three grounds for relief: (1) that his conviction was obtained by use of evidence procured pursuant to an unlawful arrest; (2) that his conviction was obtained by violating his privilege against self-incrimination; and (3) that he was denied his right to appeal.

**II.    Analysis**

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. In his Plea Agreement, Defendant expressly and unconditionally waived his right to appeal and to collaterally attack his guilty plea, conviction, and sentence. Therefore, Defendant's § 2255 motion is barred by the express terms of his Plea Agreement.

It is well-settled that a defendant may waive any right, including a constitutional right, in a plea agreement provided that the waiver is knowing and voluntary. *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). The Sixth Circuit has specifically held that a defendant's informed and voluntary waiver of the right to collateral attack bars any such relief. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). A waiver in a plea agreement is considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement's terms. *Id*.

An exception to the general rule stated above exists if the collateral attack concerns the validity of the waiver itself. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the plea, the Sixth Circuit has upheld collateral-attack waivers if the waivers were knowing and voluntary. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2 n.3 (E.D. Ky. Feb. 1, 2010) (*citing Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006) and *Davil*a, 258 F.3d at 451).

In the case at bar, Defendant signed a Plea Agreement that provides, in pertinent part:

8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.
. . .

11. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.
. . .

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

3

> Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

(R. 17, Plea Agreement, at ¶ ¶ 8, 11, 13).

It is the custom and practice of this Court to discuss such waivers during plea proceedings, including the knowing and voluntary nature thereof. Moreover, Defendant has not challenged the validity of the waiver. Nor is there any suggestion that Defendant did not understand the waiver or that he did not sign it voluntarily. Thus, he effectively waived his right to collaterally attack his conviction and sentence when he entered into the Plea Agreement. Therefore, since the Defendant does not attack the validity of the Plea Agreement or the waivers contained therein, his waiver precludes a collateral attack of his conviction and sentence under 28 U.S.C. § 2255. *In re Acosta*, 480 F.3d at 422-23.

Even if the Court were to consider Defendant's motion on its merits, it would still recommend dismissal. Defendant argues that his conviction was based on evidence obtained from an unlawful arrest and in violation of his right against self-incrimination. Specifically, Defendant states that he gave the officer his receipt from pawning a gun only after the officer told him that he would not be prosecuted. The Supreme Court has explained, however, that: "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Burch v. United States*, No. 88-6214, 1989 WL 54715, at *1 (6th Cir. 1989).

Thus, by pleading guilty, the Defendant gave up his non-jurisdictional defenses to the charge. *See Burch*, 1989 WL 54715, at *1.

Defendant also argues that he was denied his right to appeal because his attorney gave him bad advice to voluntarily dismiss his appeal. As explained above, Defendant knowingly, intelligently, and voluntarily waived his right to appeal and has not raised a challenge to the validity of the waiver. Thus, Defendant cannot base his claim for relief on his counsel's advice to dismiss his appeal when he validly waived his appellate rights. *See United States v. Cabrales-Peralta*, No. 03-65, 2009 WL 1116330, at *7 (E.D. Ky. April 24, 2009).

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R. 45) be **DENIED,** without requiring a formal response from the United States, and that this case be dismissed from the Court's active docket.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (*citing Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 3rd day of June, 2010.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\waiverinPleaAgreementR&Rs\10-7111 Gunn.wpd